UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Helen Johnson,

Plaintiff,

vs. ORDER

Prudential Insurance Company of America,

Defendant. Civ. No. 00-1647 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 1st day of February, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion to Remand this matter to State Court. At the time of the Hearing, the Plaintiff appeared by Susan K. Fitzke, Esq., and the Defendant appeared by Michael F. Cockson, Esq. The Motion is unopposed, and is well-taken. Therefore, we grant the Motion to Remand.[1]

[1]Within this District, and within this Circuit, Motions to Remand a State Court proceeding, whose removal to Federal Court has been effected, are recognized as nondispositive Motions, which are within the referral jurisdiction to this Court, as provided by Title 28 U.S.C. §636(b)(1)(A). See, First National Bank (Fulda) v.
(continued...)

(13)

FILED FEB 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Discussion

As originally pled, the Plaintiff alleged that the Defendant owed her at least $80,000.00 in life insurance proceeds. The action was originally commenced in State Court, and was removed by the Defendant to this Court on the basis of our diversity jurisdiction. See, Title 28 U.S.C. §1332(a). Following the removal of this case, the Plaintiff determined that no more than $60,000.00 in insurance benefits had been purchased by the Plaintiff's decedent, who was the individual covered by the policy in question. The Defendant does not dispute this representation and, accordingly, does not contest the remand of this action, as the amount in controversy will not exceed the jurisdictional amount of $75,000.00 which is prescribed by Section 1332(a).

Title 18 U.S.C. §1447(c) specifically provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "In reviewing a Motion to Remand, the District Court must resolve

---

[1](...continued) American Lenders Facilities, Inc., 2000 WL 1336655 at *1 n. 1 (D. Minn., May 23, 2000); Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp.2d 943, 945 (D. Minn. 1999); Regents of the Univ. of Minnesota v. Glaxo Wellcome, Inc., 44 F. Supp.2d 998, 1001 (D. Minn. 1999); Blair v. Source One Mortg. Services Corp., 925 F. Supp. 617, 619 n. 1 (D. Minn. 1996); Banbury v. Omnitrition Intern., Inc., 818 F. Supp. 276, 279 (D. Minn. 1993); White v. State Farm Mutual Automobile Company, 153 F.R.D. 639, 642 (D. Neb. 1993). Accordingly, our ruling is expressed as an Order of the Court.

all doubts in favor of a remand to State Court, and the party opposing a remand bears the burden of establishing Federal jurisdiction." Peterson v. BASF Corporation, 12 F. Supp.2d 964, 968 (D. Minn. 1998), citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); see also, First National Bank (Fulda) v. American Lenders Facilities, Inc., 2000 WL 1336655 at *2 (D. Minn., May 23, 2000). Here, the Defendant does not contest the absence of Federal jurisdiction and, therefore, a remand is required.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Remand [Docket No. 8] is GRANTED, and the Clerk of Court is directed to do so forthwith.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE